IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL DISTRICT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**CATOURA EAST,**   Case No.: 21-001404-CI

    **Plaintiff,**

-vs-

**WATERMARK SERVICES IV, LLC.,**

    **Defendant.**

_____/

## AMENDED COMPLAINT

**COMES NOW,** the Plaintiff, CATOURA EAST (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendants, WATERMARK SERVICES IV, LLC., (hereinafter "Defendants") pursuant to Florida Statutes Section 448.102.

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages that exceed THIRTY-SEVEN THOUSAND FIVE HUNDRED FORTY DOLLARS ($37,540.00), exclusive of interest, costs, and attorneys' fees.

2. At all times material to this action, Defendant was an incorporated business entity licensed to do business in Pinellas County, Florida.

3. Defendant is a retirement community management provider that owns and operates retirement communities in Florida as well as other states.

4. Defendant accepted a job application from Plaintiff, interviewed Plaintiff, hired Plaintiff as an associate executive director of human resources.

5. Plaintiff was employed by Defendant and worked for Defendant in Defendant's St. Petersburg, Florida location.

6. Defendant was Plaintiff's employer during all times relevant to this action.

7. At all times material to this action, Defendant was a for-profit corporation conducting business within Pinellas County, Florida.

8. Venue and jurisdiction in Pinellas County, Florida are appropriate because Plaintiff performed work and services for Defendant in Pinellas County, Florida and Defendant availed themselves of the benefits and privileges of Pinellas County, Florida.

9. Plaintiff has retained Lee Law, PLLC to represent her interests in this action.

10. Plaintiff has completed all required prerequisites before the filing of this action.

## GENERAL ALLEGATIONS

11. Defendant hired Plaintiff was hired by the Defendant as the associate executive director of human resources in August 2006.

12. Defendant is an independent living, assisted living, and memory care facility providing services in Pinellas County, Florida.

13. Defendant employs more than 10 employees.

14. Defendant hired Plaintiff to perform services as a human-resources professional.

15. As part of Plaintiff's employment, Plaintiff was charged with investigating violations of laws, rules, and regulations occurring in Defendant's workplace.

16. During Plaintiff's employment and while performing job duties and responsibilities, Plaintiff uncovered and observed serious violations of laws, rules, and regulations committed by Defendant's manager employed by, and performing services for, Defendant.

17. Indeed, Plaintiff uncovered gender and racial discrimination committed by one of Defendant's employees.

18. Specifically, Plaintiff complained about, objected to, and reported Plaintiff's Managing Director, Suzanne Burtzlaff, for stating that she would not hire transgender people.

19. Plaintiff also complained about, objected to, and reported pay discrimination where Black employees were being paid less than White employees in the same position.

20. Plaintiff made complaints regarding gender and racial discrimination to Defendant Regional Human Resource Director on or about June 2020.

21. Specifically, Plaintiff reported Ms. Burtzlaff for saying "I would not hire transgender individuals".

22. In response to Plaintiff's complaints, Defendant investigated the statements made by Ms. Burtzlaff from June 2020 until September 2020, and the Defendant's Regional Human Resource Director substantiated Plaintiff's allegations regarding discrimination towards transgender individuals and black employees.

23. Despite Plaintiff's complaints regarding gender and racial discrimination, Defendant failed, neglected, and refused to investigate the Plaintiff's complaints.

24. Plaintiff's complaints to Defendant were made in writing.

25. Plaintiff also informed Defendant that she was going to notify other governmental agencies of Defendant's racial and gender discrimination.

26. Defendant became upset and frustrated with Plaintiff because she threatened to disclose Defendant's illegal activity to an appropriate governmental agency.

27. Plaintiff was an employee in good standing from the time of her hire until she objected to and complained about - in writing -Defendant's illegal practice of refusing to hire transgender persons and give equal pay to black and white employees in the same position.

28. Plaintiff had not received any write ups or other forms of discipline from Defendant prior to informing Defendant that she was going to report the racial and gender discrimination to the EEOC.

29. After Plaintiff informed Defendant's Regional Human Resources Director of Ms. Burtzlaff's racial and gender discrimination, Defendant's Regional Human Resources Director took prompt retaliatory action against Plaintiff to punish Plaintiff for objecting to and complaining about gender and racial discrimination.

30. Defendant terminated Plaintiff without cause and with extreme prejudice on or about September 30, 2020.

31. Defendant's termination of Plaintiff's employment approximately two weeks after Defendant concluded their investigation into Plaintiff's complaints.

32. Indeed, Defendant's sudden termination of Plaintiff's employment was unexpected and without just or legal cause.

33. Defendant terminated Plaintiff 's employment because Plaintiff complained about racial and gender discrimination in management.

34. Defendant strategically waited until the investigation was over in order to terminate Plaintiff's employment in retaliation for complaining about gender and race discrimination.

35. Defendant terminated Plaintiff because Plaintiff refused and objected to Defendant's illegal practice of not paying black employees equal to white employees and not hiring transgender individuals.

36. Fla. Stat. § 448.102 is known as Florida's Private Whistleblower Act and prohibits an employer from taking retaliatory actions against employees because the employee objected to an activity, policy, or practice of the employer which is a violation of a law, rule, or regulation.

37. Chapter 760 of the Florida Statutes is known as Florida's Civil Rights Act and prohibits discrimination by employers against employees based on a race and gender.

38. Defendant, by and through Plaintiff's Managing Director and Regional Human Resource Director, violated Florida's Civil Rights Act when it intentionally discriminated against employees based on race and gender.

39. Specifically, Plaintiff's manager stated, "I will not hire transgender people!"

40. The statement made by Plaintiff's Managing Director is direct evidence of gender discrimination. Defendant possesses archaic views of gender roles and refused to hired individuals who did not meet Defendant's expectation of traditional gender norms.

41. Additionally, Defendant discriminated against Black employees by paying them less than White employees for performing the same job roles.

42. Defendant's termination of Plaintiff's employment immediately after Plaintiff complained about racial and gender discrimination in management, is in direct violation Fla. Stat. § 448.102(3).

43. Plaintiff was damaged as a result of Defendants' retaliatory actions.

### COUNT I. RETALIATION IN VIOLATION OF FLORIDA STATUTE § 448.102.

44. The allegations of paragraphs 1 through 43 as set forth above are re-alleged in full and incorporated herein by reference.

45. Plaintiff was employed by Defendant as a human-resources professional.

46. During Plaintiff's employment with Defendant, Plaintiff discovered that Defendant was discriminating against employees based on race and gender.

47. Chapter 760 of the Florida Statutes prohibits discrimination based on gender and race.

48. Plaintiff complained and objected to Defendant's policy and practices of illegal gender and race discrimination.

49. Plaintiff's complaints and objections to Defendant's illegal policies and practices were protected activities.

50. Defendant terminated Plaintiff's employment after she complained about Defendant's gender and racial discrimination.

51. Defendant's termination of Plaintiff's employment was an adverse action.

52. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's gender and racial discrimination.

53. But for Plaintiff complaining about and objecting to gender and racial discrimination in the workplace, Defendant would not have terminated Plaintiff's employment.

## DEMAND FOR JURY TRIAL

**WHEREFORE,** the Plaintiff, Catoura East, requests an award of damages against Defendant including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as provided for in Fla. Stat. § **448.102**, as well as other such relief this Court deems proper.

RESPECTFULLY submitted this 22nd day of April 2021.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com